UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AKAN BOYD,

        Plaintiff (s),

v.

CONTRA COSTA COMMUNITY
COLLEGE DISTRICT,

        Defendant(s).

No. **C 08-04129 JSW**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Jeffrey S. White. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 8/29/2008 | Notice of removal filed | |
| 11/21/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 12/5/2008 | Last day to file Rule 26(f) Report, complete initial | FRCivP 26(a) (1) |

|  | disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | Civil_L.R. 16-9 |
|---|---|---|
| 12/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 17th floor at 1:30 PM | Civil_L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

## **STANDING ORDERS**

1. **Conformity to Rules**. Counsel are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superceded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2. **Scheduling days**. Prior to noticing a motion, counsel shall check the scheduling information on this Court's website to confirm open and available dates. However, noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Motions shall be noticed in accordance with the following times:
    a.      Criminal Law and Motion calendar is conducted on Thursdays at 2:30 p.m.      b. Civil Law and Motion calendar is conducted on Fridays at 9:00 a.m.
    c.      Case Management Conferences are conducted on Fridays at 1:30 p.m.
    d.      Pretrial conferences are conducted on Mondays at 2:00 p.m.
    e.      By 4:00 p.m. on the first court date preceding any hearing, parties participating in the e-filing program shall check this Court's list of tentative rulings at the Judges Information link at www.cand.uscourts.gov to ascertain whether there has been a tentative ruling issued in their matter (or a ruling with respect to requests for specific issues to be addressed during oral argument).
    f.      Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov or the posting in the Clerk's Office to confirm that their matter is still on calendar.

3. **Changes to Court Calendar**. No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, a Miscellaneous Administrative Request, as contemplated by Civil Local Rule 7-10. Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

    Briefing schedules may not be changed by stipulation; the parties must obtain leave of court.

4. **Chambers Copy.** A top two-hole punched copy of all documents filed both electronically and manually with the Clerk's Office shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "JSW Chambers Copy" no later than noon on the day after the document is filed.

5. **Case Management Conference Statements**. Joint case management statements are

required and must be filed five court days in advance of the case management conference date. Counsel shall conform to all elements requested in the initial case management scheduling order. In cases involving pro se litigants, the parties may file separate case management statements.

6. **Motions**. All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required. All declarations shall be filed as separate documents. Briefs exceeding ten pages in length must contain an additional one-page summary of argument, including reference to any important cases cited.

7. **Discovery and Discovery Motions**. Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

   If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through contact with Chambers at (415) 522-4160. Any such conference shall be attended by the court reporter recording the deposition.

   All other requests for discovery relief must be summarized jointly by the parties in a letter brief no longer than four pages. The *joint* letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve. The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

   This provision applies only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

8. **Motions for Summary Judgment**. All issues shall be contained within one motion, may not exceed twenty-five pages in length, and shall conform with Civil Local Rule 7-2. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon.

9. **Proposed Orders Required**. Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt. The proposed order should be filed at the same time as the motion or opposition.

10. **Communication with Court**.  Counsel shall not attempt to make contact by telephone, facsimile, or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173 with appropriate inquiries. Counsel should list their facsimile transmission numbers as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.  All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

11. **Grounds for Recusal**.  Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date, and no later than the initial case management conference.

12. **Service of Standing Orders**.  Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of these standing orders at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure, Rules 4 and 5, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

_____
JEFFREY S. WHITE
United States District Court

8/04 rev.

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.