Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:    (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendants
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT,
erroneously named herein as CONTRA COSTA COMMUNITY COLLEGE, and
CAROLYN HODGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAN BOYD,<br><br>                 Plaintiff,<br><br>        vs.<br><br>CONTRA COSTA COMMUNITY COLLEGE<br>& CAROLYN HODGE as individual and as<br>Official Capacity as Chairperson of African<br>Studies,<br><br>                 Defendants.<br>_____ | Case No.:  Case No.: CV08-4129 JSW<br><br>**NOTICE OF DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S MOTION & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT  [FRCP 12(b)(6), FRCP 12(e)]**<br><br>Date:   January 9, 2009<br>Time:  9:00 a.m.<br>Courtroom 2, 17th Floor<br>Honorable Jeffrey S. White |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.      SUMMARY OF ARGUMENT .........................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................................2

III.    RELEVANT FACTS ........................................................................................................4

IV.     LEGAL ARGUMENT ......................................................................................................6

        A.      AUTHORITY FOR MOTION .............................................................................6

        B.      PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
                VIOLATION OF TITLE VII AGAINST THE DISTRICT OR HODGE
                BECAUSE HE WAS NOT DISCRIMINATED AGAINST BASED ON
                HIS RACE, GENDER AND/OR NATIONAL ORIGIN .....................................6

        C.      PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER TITLE
                VII    BECAUSE    HE    FAILED    TO    TIMELY    EXHAUST
                ADMINISTRATIVE REMEDIES .......................................................................7

        D.      PLAINTIFF'S SECOND, THIRD AND FOURTH CASUES OF
                ACTION FAIL TO STATE A CLAIM AGAINST THE DISTRICT
                BECAUSE IT IS A PUBLIC ENTITY IMMUNE FROM COMMON
                LAW TORT CLAIMS ...........................................................................................7

        E.      PLAINTIFF'S SECOND CAUSE OF ACTION FOR CONFISCATION
                OF INTELLECTUAL PROPERTY FAILS TO STATE A CAUSE OF
                ACTION .................................................................................................................8

        F.      PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
                NEGLIGENCE AGAINST HODGE BECAUSE HE FAILS TO
                ESTABLISH THAT HODGE HAD A DUTY TO PLAINTIFF ..........................9

        G.      THERE IS NO CAUSE OF ACTION FOR UNJUST ENRICHMENT ...................10

        H.      PLAINTIFF'S COMPLAINT IS VAGUE AND UNINTELLIGIBLE.......................11

V.      CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Ballistreri v. Pacifica Police Dept.* 901 F.2d 696 (9th Cir. 1990) ...........................................................6

*Chartered Bank of London v. Chrysler Corp.*
    115 Cal.App.3d 755 (1981). .........................................................................................9

*Chuang v. Univ. of Cal. Davis*
    225 F.3d 1115 (9th Cir. 2000) ......................................................................................6

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ..........................................................................................6

*Coleman v. Quaker Oats Co.*
    232 F.3d 1271 (9th Cir. 2000) ......................................................................................7

*Conley v. Gibson*
    355 U.S. 41 (1956) .........................................................................................................6

*De La Cruz v. Tormey*
    582 F.2d 45 (9th Cir. 1978) ..........................................................................................6

*First Nationwide Savings v. Perry*
    11 Cal.App.4th 1657 (1992) .......................................................................................10

*Golding v. R.K.O. Pictures*
    35 Cal. 2d 690 (1950) ....................................................................................................9

*Hoff v. Vacaville Unified Sch. Dist.*
    19 Cal. 4th 925 (1998) ..............................................................................................7, 8

*Levine v. Diamanthuset*
    950 F.2d 1278 (9th Cir. 1991) ......................................................................................6

*Melchior v. New Line Productions, Inc.*
    106 Cal. App. 4th 779 (2003) ...................................................................................9, 10

*Miller v. Maxwell's Int'l, Inc.*
    991 F.2d 583 (9th Cir. 1993) ........................................................................................6

Rule12(e) .......................................................................................................................11

*Stache v. International Union of Bricklayers & Allied Craftsmen*
    852 F.2d 1231 (9th Cir. 1988) ......................................................................................7

*State v. Superior Court of Kings County (Bodde)*
    32 Cal.4th 1234 (2004) .................................................................................................8

*Zelig v. County of Los Angeles*
    27 Cal. 4th 1112 (2002) ................................................................................................8

ii

*Zipes v. Trans World Airlines*
  455 U.S. 385 (1982).................................................................................................................7

**Statutes**

42 U.S.C. § 2000e-5(e)(1)........................................................................................................7

Cal. Gov. Code, § 905.2...........................................................................................................8

Cal. Gov. Code, § 945.4...........................................................................................................8

*Cal. Govt. Code,* § 905...........................................................................................................8

Federal Rule of Civil Procedure Rule 12(e) .......................................................................1, 6

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................................1, 6

Government Code section 815..................................................................................................7

NOTICE OF DISTRICT & HODGE'S MTN & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS/MORE DEFINITE STATEMENT

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on January 9, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 2, 17th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, defendants CONTRA COSTA COMMUNITY COLLEGE DISTRICT (hereinafter "DISTRICT"), erroneously named herein as CONTRA COSTA COMMUNITY COLLEGE, and CAROLYN HODGE (hereinafter "HODGE") will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because plaintiff's complaint fails to state a cause of action as to both his federal claim and state law claims. In addition, plaintiff's complaint is vague, ambiguous and unintelligible so that defendants cannot prepare a meaningful response.

Defendants DISTRICT and HODGE seek to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action for violation of Title VII, 42 U.S.C. § 2000e-2. Plaintiff was not qualified for the position he sought and he fails to allege he was treated less favorably than others. Plaintiff's state law claims fail to state a cause of action against the DISTRICT because he fails to identify a statutory basis for liability and fails to allege compliance with the California Tort Claims Act. In addition, plaintiff fails to state a cause of action against HODGE for confiscation of intellectual property or general negligence. Finally, plaintiff's fourth cause of action for unjust enrichment is improper because unjust enrichment is not a cause of action but a theory of recovery.

Alternatively, the DISTRICT and HODGE move this Court for a more definite statement. Allegations in the complaint are undated, vague and unintelligible, precluding defendants from understanding the claims plaintiff asserts against them, ascertaining the timeliness of plaintiff's claims and determining appropriate affirmative defenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Plaintiff's complaint essentially protests the DISTRICT'S failure to select him for a position as an instructor in the DISTRICT'S African Studies department. Plaintiff applied for the position on

1    May 8, 2006 and sent his transcript and a suggested course syllabus to HODGE. Plaintiff asserts he

2    was not hired due to discrimination based on his race, gender and national origin in violation of Title

3    VII. However, plaintiff alleges HODGE deemed him unqualified for the position because he holds a

4    degree in architecture. The complaint does not contain any facts or allegations to show plaintiff was

5    a qualified individual or that others were treated more favorably. Further, individual defendant

6    HODGE cannot be liable for damages under Title VII. The Title VII claim is barred because he

7    failed to timely file a charge with the EEOC.

8         The second, third and fourth claims fail to state a cause of action against the DISTRICT, a

9    public entity, because plaintiff fails to allege compliance with the California Tort Claims Act and he

10   fails to identify a statute which confers liability on the DISTRICT for these claims.

11        Plaintiff's second cause of action for confiscation of intellectual property is vague. To the

12   extent he intends to bring a claim for conversion or literary infringement, he fails to state a cause of

13   action because conversion is not available for ideas and defendants have not copied, or otherwise

14   used, the ideas contained in plaintiff's syllabus.

15        Plaintiff fails to state a cause of action for negligence because he fails to state facts to show

16   that HODGE had a duty to protect the syllabus from loss or theft.

17        There is no cause of action for unjust enrichment; rather, it is a theory of recovery similar to

18   restitution. The complaint fails to allege facts to show that restitution is proper here because it

19   would not be unjust for defendants to simply possess the syllabus.

20        In the alternative, the defendant move for an order directing plaintiff to file a more definite

21   statement because they cannot determine from plaintiff's complaint which legal theory plaintiff

22   wishes to proceed under and cannot ascertain which defenses may apply. Plaintiff does not provide

23   several key dates and defendants cannot determine from the facts alleged whether plaintiff's claims

24   are timely.

25              **II.    STATEMENT OF ISSUES TO BE DECIDED**

26        Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of

27   the issues to be decided by the Court:

28        1)       Whether plaintiff fails to state a claim upon which relief can be granted against

NOTICE OF DISTRICT & HODGE'S MTN & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS/MORE DEFINITE STATEMENT

DISTRICT and HODGE for violation of Title VII because plaintiff fails to allege facts to show he was qualified for the position of instructor of African Studies.

2)    Whether plaintiff fails to state a cause of action for violation of Title VII because he does not allege that similarly situated individuals outside his protected class were treated differently.

3)    Whether plaintiff fails to state a cause of action against HODGE for violation of Title VII because individual supervisors are not liable for damages under Title VII.

4)    Whether plaintiff fails to state a cause of action under Title VII because he failed to exhaust his administrative remedies.

5)    Whether plaintiff's second cause of action, third cause of action and fourth cause of action are barred because the DISTRICT is immune from common law tort claims.

6)    Whether plaintiff's second cause of action, third cause of action and fourth cause of action are barred because plaintiff fails to allege compliance with California Tort Claims Act.

7)    Whether plaintiff's second cause of action for confiscation of intellectual property fails to state a cause of action, to the extent plaintiff intends to assert a conversion claim, because conversion is not available for ideas or intangible property.

8)    Whether plaintiff's second cause of action for confiscation of intellectual property fails to state a cause of action for literary infringement because plaintiff fails to allege that the DISTRICT or HODGE copied plaintiff's ideas.

9)    Whether plaintiff's third cause of action for negligence fails to state a cause of action against HODGE because there are no allegations to show HODGE had a duty to plaintiff to protect the syllabus from loss or theft.

10)   Whether plaintiff's fourth cause of action for unjust enrichment fails to state a cause of action because unjust enrichment is not a cause of action.

11)   Whether plaintiff's fourth cause of action for unjust enrichment fails to state a cause of action because plaintiff fails to state facts to show that it would be unjust for the DISTRICT and/or HODGE to retain the syllabus.

12)   Whether plaintiff's complaint is so vague and ambiguous that a more definite pleading is

1    required.

## III.    RELEVANT FACTS

3    Plaintiff filed this action on July 25, 2008 in Alameda Superior Court.  On August 29, 2008, the DISTRICT and HODGE removed the action to this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6    The complaint contains different dates for the alleged relevant activities.  On May 8, 2006, plaintiff allegedly applied for a "position as an instructor in the African Studies department at the [DISTRICT]."  *Complaint p.2.*  However, in his first cause of action, plaintiff states he first spoke with HODGE, Chairperson of the African Studies Department, on January 10, 2006.  *Complaint p.11 ¶10.*  On that date, HODGE "asserted that teaching at the [DISTRICT] would require a Degree in African Studies."  *Id.*  HODGE was the person authorized to hire persons qualified to teach in African Studies.  *Complaint p.2 ¶3.*  In the January 10, 2006 conversation with HODGE, plaintiff "conferred that his Masters degree qualified him to teach at the [DISTRICT] and his focused independent studies, research and lecture experience among the major African and African American scholars in African Studies out weighed most and was probably exception to those who errand a [*sic*] African Studies Degree."  *Id.*  HODGE "stayed firm and insistent" that a degree in African Studies was required.  *Id.*  This meeting was the "conformation of a discrimination frame work being initiated by [HODGE] and the [DISTRICT]."  *Id.*  Plaintiff received a Master of Architecture from U.C. Berkeley in June 1981.  *Complaint p.3 ¶8.*

20    On May 14, 2006, a telephone conversation took place between plaintiff, DISTRICT Professor Terrance Elliott and HODGE about plaintiff's interest in a teaching position at the DISTRICT.  *Complaint p.2 ¶2.*  Professor Elliott asked plaintiff to send transcripts showing plaintiff had 14 units of study in African Studies, and a proposed syllabus.  *Id.*  HODGE did not vocalize any opposition to this request, which plaintiff interprets as her "tacit agreement" to the request.  *Complaint p.12 ¶11.*  Plaintiff provided a proposed syllabus for an African Studies course to HODGE on either May 8, 2006 (*Complaint p.3 ¶6*) or September 3, 2006 (*Complaint p.2 ¶2*).  Plaintiff sent a transcript showing he had 16 units in African Studies to Professor Elliott and HODGE on September 3, 2006.  *Complaint p.2 ¶2.*  Three weeks later, Professor Elliott informed plaintiff that Professor

1  Elliott was "no longer a party to the teaching selection process for the Plaintiff."  *Complaint p .12*

2  *¶11*.  HODGE was responsible for this change.  *Id.*  Further, "[HODGE] at no time responded to

3  Plaintiff's syllabus or the fact that Plaintiff had 16 units in African Studies as had been set as a

4  standard in this teaching application."  *Complaint p.3 ¶7.*

5        On or about September 18, 2006, HODGE "stated that Plaintiff was not qualified to teach at

6  [DISTRICT].   In stating that Plaintiff was not qualified to teach, [HODGE] referred to an

7  Architectural degree as an indication that Plaintiff was not qualified to teach African studies."

8  *Complaint p.2 ¶4.*  In support of his Title VII claim, plaintiff alleges his "construct of instruction

9  experience and capability is comparable or more affective [*sic*] than can be achieved with an African

10 Studies Degree.  This Degree has been the criteria of discrimination to teach in African Studies at

11 [the DISTRICT]."

12       HODGE did not return plaintiff's proposed syllabus and ultimately stated she lost the

13 syllabus, which plaintiff terms his "intellectual property."  *Complaint p.16 ¶21.* Plaintiff asserts

14 HODGE'S failure to return the proposed syllabus amounts to confiscation of his property "over one

15 year nine months ago" and constituted an act of retaliation against him.  *Complaint p.16 ¶ 21-22.*

16 HODGE had a duty to "protect Plaintiff's property form [*sic*] being lost or stolen" and she breached

17 this duty of care when she lost the syllabus.  *Complaint p.17 ¶26-27.*  When HODGE and the

18 DISTRICT accepted the syllabus, plaintiff conferred on them the "benefit of materials for curriculum

19 advancement".  *Complaint p.17 ¶31-32.*

20       Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and

21 the California Department of Fair Employment and Housing ("DFEH") on May 5, 2008, asserting

22 that the DISTRICT discriminated against him on the basis of race, sex and national origin in violation

23 of Title VII.  *See Charge of Discrimination attached as Exhibit A to Request for Judicial Notice.*

24 Plaintiff indicated that the alleged discrimination took place on September 18, 2006.  *Id.*  On May 9,

25 2008, the EEOC closed its file because the "charge was not timely filed with EEOC; in other words,

26 you waited too long after the date(s) of the alleged discrimination to file your charge."  *See Dismissal*

27 *and Notice of Rights attached as Exhibit C to Request for Judicial Notice.*

28 ///

NOTICE OF DISTRICT & HODGE'S MTN & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS/MORE DEFINITE STATEMENT

1    **IV.    LEGAL ARGUMENT**

2    **A.    AUTHORITY FOR MOTION.**

3         A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the

4    complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991).  Dismissal of claims is

5    proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts

6    alleged under a cognizable legal theory."  *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th

7    Cir. 1990).  In determining the adequacy of a pleading, the court must determine whether plaintiffs

8    would be entitled to some form of relief if the facts alleged in the complaint were true.  *Conley v.*

9    *Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978).  However,

10   the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations

11   if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

12   *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

13        Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to

14   which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

15   reasonably prepare a response. The motion must be made before filing a responsive pleading and

16   must point out the defects complained of and the details desired."

17
     **B.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF TITLE**
18        **VII AGAINST THE DISTRICT OR HODGE BECAUSE HE WAS NOT**
          **DISCRIMINATED AGAINST BASED ON HIS RACE, GENDER AND/OR**
19        **NATIONAL ORIGIN.**

20        In order to state a claim for discrimination under Title VII, a plaintiff must show that (1) he

21   belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse

22   employment action; and (4) similarly situated individuals outside his protected class were treated

23   more favorably.  *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000).

24        Individual supervisors cannot be held liable for damages under Title VII.  *Miller v. Maxwell's*

25   *Int'l, Inc*., 991 F.2d 583, 587-88 (9th Cir. 1993).

26        Here, plaintiff fails to state facts to show that he was qualified for the position of an African

27   Studies instructor.  HODGE, as Chairperson of the DISTRICT and the person authorized to

28   determine the necessary qualifications for instructors, informed plaintiff that a degree in African

1   Studies was required in order to obtain a teaching position in the DISTRICT'S African Studies

2   department.  Plaintiff did not have a degree in African Studies and he was not qualified for the

3   position he sought.  Further, the complaint fails to allege facts to show that similarly situated

4   individuals outside his protected class were treated more favorably.  The facts of the complaint make

5   clear that plaintiff was treated differently because he did not have a degree in African Studies, rather

6   than his membership in a protected class.  Plaintiff's complaint essentially presents his argument that

7   HODGE incorrectly required applicants for the African Studies instructor position to possess a degree

8   in African Studies.  This selection criterion is facially neutral and not subject to question without

9   allegations otherwise.  *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 (9th Cir. 2000).

10  To the extent plaintiff intends to bring this cause of action against HODGE, his claim fails.

11

12  **C.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER TITLE VII BECAUSE HE FAILED TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES.**

13       As a prerequisite to filing suit, a Title VII complainant must file a charge of discrimination

14  with the EEOC within 180 days after the alleged unlawful employment practice occurred.  42 U.S.C.

15  § 2000e-5(e)(1).  Exhaustion of administrative remedies is a requirement for bringing suit under Title

16  VII.  *See Stache v. International Union of Bricklayers & Allied Craftsmen,* 852 F.2d 1231, 1233 (9th

17  Cir. 1988).  This requirement is subject to waiver, estoppel, and equitable tolling.  *See Zipes v. Trans*

18  *World Airlines*, 455 U.S. 385, 398 (1982).

19       Here, plaintiff filed a charge of discrimination on May 5, 2008, more than one year and seven

20  months after the alleged discrimination on September 18, 2006.  The charge was untimely.  The

21  EEOC did not investigate the charge and closed the file without action.  Plaintiff does not state any

22  facts to show that waiver, estoppel or equitable tolling would be applicable here.  Plaintiff's failure to

23  timely comply with the administrative requirements of Title VII bars his first cause of action.

24  **D.   PLAINTIFF'S SECOND, THIRD AND FOURTH CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST THE DISTRICT BECAUSE IT IS A PUBLIC ENTITY**
25  **IMMUNE FROM COMMON LAW TORT CLAIMS.**

26       The DISTRICT is immune from common law tort claims.  Pursuant to California Government

27  Code section 815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise provided by

28  statute."  In *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998), the Supreme Court held:

---

7

"Under the California Tort Claims Act, a public entity is not liable for injury arising from an act or omission except as provided by statute.  Thus, in California, all government tort liability must be based on statute."  *Id.* at 932.

As the court in *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112 (2002) observed, "'the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances.'"  *Id.* at 1127 (internal citations omitted).

Under the Tort Claims Act, an action for money or damages may not be maintained against a public entity unless a written claim for damages is timely presented to the public entity defendant and rejected in whole or in part.  *Cal. Govt. Code* §§ 905, 905.2 & 945.4.  In order to plead a valid cause of action for money or damages against a public entity, a plaintiff must allege compliance with the claim procedure or the existence of circumstances excusing compliance.  *Cal. Govt. Code* §§ 945.4; *Chase v. State*, 67 Cal. App. 3d 808 (1977).  "Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Here, plaintiff's second cause of action, third cause of action and fourth cause of action fail to identify a statute which imposes liability against the DISTRICT.  Although it is not clear what cause of action plaintiff intends to assert in his second cause of action for "confiscation of intellectual property", to the extent it is a tort for which he seeks money damages, he fails to state a claim without identifying a statutory basis for it.  Further, plaintiff does not allege compliance with the Tort Claims Act prior to filing this action.

**E.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR CONFISCATION OF INTELLECTUAL PROPERTY FAILS TO STATE A CAUSE OF ACTION.**

Plaintiff's second cause of action is titled "confiscation of intellectual property."  From his allegations, defendants infer plaintiff attempts to assert two causes of action:  (1) conversion; or (2) infringement of literary property rights.  He cannot state a valid cause of action for either claim.

"The elements of a conversion action are: (1) plaintiff's ownership or right to possession in the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition

8

NOTICE OF DISTRICT & HODGE'S MTN & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS/MORE DEFINITE STATEMENT

1  of plaintiff's property rights; and (3) damages." *Chartered Bank of London v. Chrysler Corp*., 115

2  Cal.App.3d 755, 759 (1981).

3      "'Generally, the copying and distribution of literary intangible property does not state a claim

4  for conversion.'   Conversion requires interference with tangible rather than intangible property.

5  Interference with intangible property would constitute plagiarism or misappropriation." *Melchior v.*

6  *New Line Productions, Inc.,* 106 Cal. App. 4th 779, 792 (2003) (*quoting Dielsi v. Falk*, 916 F.Supp.

7  985, 992 (C.D. Cal. 1996)).  "The tort of conversion does not apply to ideas." *Id.* at 794.

8      Here, plaintiff asserts HODGE "knew how rare the syllabus is because few people can present

9  the work.  Most no persons [*sic*] with and [*sic*] African degree could not present with competence the

10  work of a Senegalese Scientist and Scholar Cheikh Anta Diop's presented in particular the syllabus."

11  *Complaint p. 16 ¶ 24.*  Plaintiff's allegations and the title of his second cause of action makes clear

12  that he protests the taking of his ideas, rather than the actual physical syllabus.  Conversion is not a

13  valid cause of action for ideas.  Further, it is reasonable to infer that plaintiff still has the knowledge

14  contained in the syllabus.  The DISTRICT and HODGE have not taken the contents, or the ideas,

15  from plaintiff.

16      There are three elements to state a cause of action for literary infringement, or plagiarism:

17  "(1) ownership of a protectable property interest; (2) unauthorized copying of the material by the

18  defendant; (3) damage." *Golding v. R.K.O. Pictures*, 35 Cal. 2d 690, 694 (1950).  Assuming for the

19  purposes of this motion that plaintiff had ownership of a protectable property interest, the complaint

20  fails to allege that the DISTRICT or HODGE engaged in the unauthorized copying of the syllabus or

21  the ideas in the syllabus.  There are no facts alleged to show that defendants improperly used the

22  ideas in the syllabus.  The allegation that HODGE lost the syllabus supports the inference that she has

23  not copied the material.  Plaintiff has not stated a cause of action for conversion or literary

24  infringement and his second cause of action should be dismissed.

25  F.  **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR NEGLIGENCE AGAINST HODGE BECAUSE HE FAILS TO ESTABLISH THAT HODGE HAD A DUTY TO PLAINTIFF.**

26

27      The complaint fails to allege facts to establish a legally cognizable duty owed by HODGE or

28  the DISTRICT to plaintiff.  Instead, plaintiff makes the conclusory allegation that HODGE had a

9

1    duty to "protect Plaintiff's property form [*sic*] being lost or stolen." *Complaint p. 17 ¶26.* He cites

2    no facts to establish a relationship between himself and HODGE that would give rise to this duty.

3    HODGE'S position as Chairperson of the African Studies department has no bearing on whether she

4    owed plaintiff, a job applicant, the duty to protect plaintiff's syllabus from being lost or stolen. No

5    statutes or case law impose a duty on the chairperson of a department to ensure that materials

6    submitted with a job application are not lost or stolen. The failure to allege facts or a statute which

7    give rise to a duty amounts to a failure to state a cause of action for negligence.

8    **G.    THERE IS NO CAUSE OF ACTION FOR UNJUST ENRICHMENT.**

9    "[T]here is no cause of action in California for unjust enrichment. 'The phrase 'Unjust

10   Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make

11   restitution under circumstances where it is equitable to do so.' Unjust enrichment is 'a general

12   principle, underlying various legal doctrines and remedies,' 'rather than a remedy itself. It is

13   synonymous with restitution.'" *Melchior v. New Line Productions, Inc*., 106 Cal. App. 4th 779, 794

14   (2003) (internal citations omitted).

15   "The fact that one person benefits another is not, by itself, sufficient to require restitution. The

16   person receiving the benefit is required to make restitution only if the circumstances are such that, as

17   between the two individuals, it is unjust for the person to retain it." *First Nationwide Savings v.

18   Perr*y, 11 Cal.App.4th 1657, 1662-1663 (1992).

19   Here, plaintiff fails to state facts to show that it would be unjust for the DISTRICT and/or

20   HODGE to retain the syllabus. First, plaintiff alleges that HODGE has lost the syllabus. Therefore,

21   HODGE no longer retains the syllabus and, presumably, does not retain the benefits of its contents.

22   Second, plaintiff cites no facts to show that the DISTRICT and/or HODGE actually used or benefited

23   from the ideas in the syllabus. Third, policy considerations weigh against recognizing this cause of

24   action in the job application context. The application process for many employment positions

25   requires the submission of a writing sample or other similar work product to assess a candidate's

26   abilities and qualifications. Allowing each and every unsuccessful job candidate to bring a claim for

27   monetary restitution after submitting a writing sample would open the floodgates of litigation.

28   Plaintiff cites no facts to show that there was an agreement that plaintiff's syllabus would be returned

1  to him.  There was no unjust enrichment and plaintiff fails to state facts to show that restitution is

2  warranted here.

3  **H.     PLAINTIFF'S COMPLAINT IS VAGUE AND UNINTELLIGIBLE.**

4         Rule12(e) provides that "[a] party may move for a more definite statement of a pleading to

5  which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

6  reasonably prepare a response. The motion must be made before filing a responsive pleading and

7  must point out the defects complained of and the details desired."

8         Plaintiff's complaint is so deficient that a more definite statement should be required.  The

9  DISTRICT is left to infer and interpret plaintiff's vague writings to determine what legal violations

10  plaintiff alleges.  For instance, plaintiff's second cause of action is entitled "confiscation of

11  intellectual property."  The DISTRICT and HODGE are unaware of any cause of action for

12  confiscation of intellectual property.

13        Plaintiff asserts that certain actions took place on different dates and fails to identify the dates

14  of other relevant activities, such as the date he learned he did not obtain the African Studies position

15  or the dates of his conversations with Professor Elliot or HODGE about his syllabus.  He also fails to

16  state whether he intends to bring all causes of action against both the DISTRICT and HODGE.  It is

17  not clear what cause of action plaintiff intends to assert in his second cause of action or his fourth

18  cause of action.  The DISTRICT and HODGE is unable to determine the legal theory under which

19  plaintiff intends to proceed and therefore cannot formulate a meaningful response to the complaint.

20  Further, defendants cannot determine whether plaintiff's claims are time barred or otherwise barred

21  by failure to timely file a government claim.

22                                   **V.     CONCLUSION**

23        For these reasons, the DISTRICT and HODGE respectfully request that this Court dismiss

24  plaintiff's complaint or, in the alternative, order plaintiff to submit a more definitive statement

25  ///

26  ///

27  ///

28  ///

1  against the DISTRICT and HODGE.  Further, the DISTRICT and HODGE respectfully submits a

2  request for a jury trial in the event that the court does not grant its motion to dismiss plaintiff's

3  complaint in its entirety.

4  Dated: September 3, 2008                          BERTRAND, FOX & ELLIOT

5

6                                                  By:_____/s/_____

7                                                      EUGENE B. ELLIOT
                                                       CHRISTINE LEE
8                                                      Attorneys for Defendant
                                                       SAN FRANCISCO COMMUNITY COLLEGE
9                                                      DISTRICT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DISTRICT & HODGE'S MTN & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS/MORE DEFINITE STATEMENT