1  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone:   (415) 353-0999
   Facsimile:   (415) 353-0990
5
   Attorneys for Defendants
6  CONTRA COSTA COMMUNITY COLLEGE DISTRICT,
   erroneously named herein as CONTRA COSTA COMMUNITY COLLEGE, and
7  CAROLYN HODGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAN BOYD and KAMIT, INC., | ) Case No.: CV08-4129 JSW |
| Plaintiffs, | ) **[PROPOSED] ORDER GRANTING** |
| vs. | ) **DEFENDANTS' MOTION TO DISMISS, OR** |
| | ) **IN THE ALTERNATIVE, MOTION FOR** |
| CONTRA COSTA COMMUNITY COLLEGE and CAROLYN HODGE, as individual and as Official Capacity as Chairperson of African Studies, | ) **MORE DEFINITE STATEMENT** |
| | ) Date:  January 9, 2009 |
| | ) Time:  9:00 a.m. |
| | ) Courtroom 2, 17th Floor |
| Defendants. | ) Honorable Jeffrey S. White |

The Motion to Dismiss on behalf of defendants CONTRACT COSTA COMMUNITY COLLEGE DISTRICT ("DISTRICT"), erroneously named as CONTRA COSTA COMMUNITY COLLEGE, and CAROLYN HODGE ("HODGE") came on regularly for hearing on January 9, 2009 at 9:00 a.m. in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Jeffrey S. White presiding.

The moving papers having been considered and all argument presented,

IT IS HEREBY ORDERED that defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) be GRANTED.

1    Plaintiff fails to state a valid cause of action against the DISTRICT for violation of Title VII because he fails to state a prima facie case. *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000). Plaintiff does not allege facts to show he was qualified for the position of African Studies instructor. Further, plaintiff fails to allege that others outside of his protected class were treated more favorably. A Title VII claim cannot be maintained against HODGE, an individual employee of the DISTRICT. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

Prior to bringing a lawsuit under Title VII, plaintiff was required to timely file a charge with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed a charge more than one year and seven months after the alleged discrimination. His failure to exhaust the administrative remedies prior to filing suit bars his complaint. *See Stache v. International Union of Bricklayers & Allied Craftsmen,* 852 F.2d 1231, 1233 (9th Cir. 1988).

The second cause of action for "confiscation of intellectual property", third cause of action for general negligence and fourth cause of action for unjust enrichment fail to state a cause of action against the DISTRICT, a public entity, because plaintiff fails to identify a statute which confers liability on the DISTRICT for these claims. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998). He also fails to allege compliance with the California Tort Claims Act. *Cal. Govt. Code* § 945.4; *Chase v. State*, 67 Cal. App. 3d 808 (1977).

Plaintiff's second cause of action for confiscation of intellectual property fails to state a claim for conversion because conversion is not available for ideas or intangible objects. *Melchior v. New Line Productions, Inc.,* 106 Cal. App. 4th 779, 794 (2003). He also fails to state a cause of action for literary infringement because the DISTRICT and HODGE have not copied, or otherwise used, the ideas contained in plaintiff's syllabus. *Golding v. R.K.O. Pictures*, 35 Cal. 2d 690, 694 (1950).

The third cause of action for negligence fails to state a cause of action against HODGE because he fails to allege facts that would impose a duty on HODGE to prevent the loss or theft of plaintiff's syllabus.

There is no cause of action for unjust enrichment. *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 794 (2003). Instead, it is a theory of recovery similar to restitution. The complaint fails to allege facts to show that restitution is proper here because it would not be unjust

1  for HODGE or the DISTRICT to simply possess the syllabus.

2  In the alternative, the DISTRICT and HODGE move for an order directing plaintiff to file a
3  more definite statement because they cannot determine from plaintiff's complaint which legal theory
4  plaintiff wishes to proceed under and therefore cannot ascertain which defenses may apply.  Plaintiff
5  does not provide several key dates and the DISTRICT and HODGE cannot determine from the facts
6  alleged whether plaintiff's claims are timely and are unable to form a meaningful response.

7  The first amended complaint should be filed and served within ten days of this order.  Failure
8  to file an amended complaint within ten days of this order subjects the complaint to dismissal.

9  IT IS SO ORDERED.

11  Dated: _____                    _____
12                                               Honorable Jeffrey S. White

[PROPOSED] ORDER IN SUPPORT OF MOTION TO DISMISS